# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Honorable Leda Dunn Wettre |
| | : | |
| THEODORE CLARK | : | Mag. No. 21-13370 |
| | : | |

I, Angel Casanova, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Bureau of Alcohol Tobacco Firearms and Explosives and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

*Angel Casanova*
Angel Casanova, Special Agent
Bureau of Alcohol Tobacco Firearms and Explosives

Sworn to and subscribed via telephone
October 25, 2021, New Jersey
Authorized telephonically pursuant to Fed. R. Crim. P. Rule 4.1

Hon. Leda Dunn Wettre
United States Magistrate Judge

*Hon. Leda Dunn Wettre*
Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
(Possession of a Firearm and Ammunition by a Convicted Felon)

On or about July 30, 2021, in Union County, in the District of New Jersey and elsewhere, the defendant,

**THEODORE CLARK,**

knowing that he had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, namely, a Ruger 57 handgun, bearing serial number 64213435, and ammunition, namely forty-one (41) live rounds of 5.7 mm ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

**ATTACHMENT B**

I, Angel Casanova, am a Special Agent with the Bureau of Alcohol Tobacco Firearms and Explosives.  I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence.  Where statements of others are related herein, they are related in substance and part.  Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.  Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.   On or about July 30, 2021, members of the Plainfield Police Department and Union County Sheriff's Office (the "OFFICERS") were in the area of 130 West Front Street, Plainfield, New Jersey, a high crime area, when their attention was drawn to a parked 2015 Acura MDX (the "Vehicle"). The Vehicle was occupied by the driver, Theodore Clark ("CLARK"), and a passenger ("Individual-1"). The engine was running.

2.   The OFFICERS approached the Vehicle and observed an empty liquor bottle in the center console. CLARK was visibly nervous, avoided eye contact with the OFFICERS and was continuously staring at a black fanny pack at the right side of his shoulder. The OFFICERS asked CLARK to exit the vehicle. As CLARK exited, the OFFICERS noticed a large bulge in the front of the fanny pack that appeared to be a heavy object due to the way the fanny pack hung off CLARK's body.  Suspecting that CLARK was concealing a weapon in the front of the fanny pack, the OFFICERS patted the fanny pack and felt a hard, solid object that was immediately recognized to be a firearm. The fanny pack was quickly removed from CLARK and the firearm, a Ruger 57, bearing serial number 64213435 (the "FIREARM"), loaded with one (1) live round of 5.7mm ammunition stamped "FNH" in the chamber and seventeen (17) live rounds of 5.7mm ammunition stamped "FNH" (the "AMMUNITION") in a twenty-round high-capacity magazine was recovered from the fanny pack.

3.    The OFFICERS then conducted a search of the Vehicle and recovered an additional twenty-three (23) rounds of 5.7 mm ammunition (also the "AMMUNITION") along with an empty twenty-round magazine from the Vehicle's glove box.

4.   The FIREARM and the AMMUNITION were manufactured outside the State of New Jersey and thus necessarily traveled in interstate or foreign commerce prior to July 30, 2021.

5.   On or about January 21, 2004, CLARK was convicted in the Superior Court of New Jersey, Union County, of third-degree possession of a controlled dangerous substance, in violation of N.J.S.A. 2C:35-10, a crime

punishable by more than one year imprisonment, and was sentenced to one hundred eighty days of incarceration and probation.

6.      On or about June 3, 2005, CLARK was convicted in the Superior Court of New Jersey, Union County, of third-degree possession with intent to distribute a controlled dangerous substance, in violation of N.J.S.A. 2C:35-5, and first-degree conspiracy to possess with intent to distribute a controlled dangerous substance, in violation of N.J.S.A. 2C:5-2, both crimes punishable by more than one year imprisonment, and was sentenced to three years imprisonment.

7.      On or about April 27, 2012, CLARK was convicted in the Superior Court of New Jersey, Union County, of second-degree possession with intent to distribute a controlled dangerous substance, in violation of N.J.S.A. 2C:35-5, third-degree possession with intent to distribute a controlled dangerous substance, in violation of N.J.S.A. 2C:35-5, second-degree unlawful possession of a handgun, in violation of N.J.S.A. 2C:39-5, and fourth-degree unlawful possession of a high capacity magazine, in violation of N.J.S.A. 2C:39-3(j), all crimes punishable by more than one year imprisonment, and was sentenced on June 26, 2017 to twelve years imprisonment with fifty-four months to be served before parole eligibility.